

# THE ATTORNEY GENERAL

## OF TEXAS

**WAGGONER CARR**
**ATTORNEY GENERAL**

**AUSTIN 11, TEXAS**
November 26, 1963

Honorable J. W. Edgar          Opinion No. C-185
Commissioner of Education
Texas Education Agency      Re:  Constitutionality of House Bill
Austin, Texas                    524, Acts of 58th Legislature.

Dear Sir:

        You have requested an opinion of this office on the
constitutionality of House Bill 524, which was recently passed
by the 58th Legislature and is now compiled as Article 2752a of
Vernon's Civil Statutes.

        House Bill 524 reads as follows:

"An Act amending the Revised Civil Statutes of Texas,
    1925, by adding thereto a new Article, to be known
    as Article 2752a, providing for competitive bidding
    on all purchases by a public school of a value over
    One Thousand Dollars ($1,000) and on all contracts
    by a public school for the construction, mainten-
    ance, repair or renovation of any building or for
    the materials used in  the construction, maintenance,
    repair or renovation thereof when said contracts in-
    volve One Thousand Dollars ($1,000) or more; provid-
    ing certain exceptions; providing for notice and
    publication; and declaring an emergency.

"BE IT ENACTED BY THE LEGISLATURE OF THE STATE OF TEXAS:

        "Section 1.  The Revised Civil Statutes of Texas,
1925, are amended by adding thereto a new Article, to
be known as Article 2752a, which shall read as follows:

        "'Art. 2752a.

        "'All contracts proposed to be made by any Texas
public school board for the purchase of any property,
real or personal, shall be submitted to competitive
bidding when said property is valued at One Thousand
Dollars ($1,000) or more.  All contracts proposed to
be made by any Texas public school board for the con-
struction, maintenance, repair or renovation of any
building or for materials used in said construction,

-895-

maintenance, repair or renovation, shall be
submitted to competitive bidding when said
contracts involve One Thousand Dollars ($1,000)
or more.  Nothing in this Act shall apply to
fees received for professional services ren-
dered, including but not limited to architects
fees, attorney's fees, and fees for fiscal
agents.  Notice of the time when and place where
such contracts will be let and bids opened shall
be published in the county where the purchasing
school is located once a week for at least two
(2) weeks prior to the time set for letting said
contract and in two (2) other newspapers that
the school board may designate.  Provided, how-
ever, that on contracts involving less than
Twenty-five Thousand Dollars ($25,000) such ad-
vertising may be limited to two (2) successive
issues of any newspaper published in the county
in which the school is located, and if there is
no newspaper in the county in which the school
is located, then said advertising shall be for
publication in some newspaper in some county
nearest the county seat of the county in which
the school is located.'"  (Emergency clause
omitted).

In House Bill 524, as set out above, there is some
variance between the title and the body of the Act.  The title
provides for competitive bidding on purchases by "a public
school" while the body of the Act provides for such bidding on
purchases by "any Texas public school board."  The title pro-
vides for such bids for purchases "of a value over One Thousand
Dollars" and the body of the Act provides for bids on purchases
"valued at One Thousand Dollars ($1,000) or more."  ". . . The
general test is whether the title is uncertain, misleading, or
deceptive to the average reader, and if the court feels that the
title is sufficient to direct a person of ordinary, reasonably
inquiring mind to the body of the act, compliance with the con-
stitution has been effected."  1 Sutherland, Statutory Construc-
tion, 288.  Even though there is a variance between the title
and body of the Act it is not such as to render the Act uncon-
stitutional under the above test.

"In deciding the constitutionality of a statute al-
leged to be defectively titled, every presumption favors the
validity of the act.  As is true in cases presenting other con-
stitutional issues, the courts avoid declaring an act unconstitu-
tional wherever possible.  Where there is any doubt as to the

insufficiency of either the title, or the act, the legislation should be sustained."  1 Sutherland, Statutory Construction, 295.  In view of these rules of construction and after careful study of House Bill 524, it is the opinion of this office that the bill is valid and constitutional.

## SUMMARY

House Bill 524, Acts of the 58th Legislature, is constitutional.

Yours very truly,

WAGGONER CARR
Attorney General

By Jack G. Norwood
Assistant

JGN:wb

APPROVED:

OPINION COMMITTEE

W. V. Geppert, Chairman
Malcolm Quick
J. C. Davis
C. L. Snow, Jr.

APPROVED FOR THE ATTORNEY GENERAL

BY:  Stanton Stone